Mr. Justice Claston
delivered the opinion of the Court.
This was a special action on the case brought by the plaintiff in error, as sheriff of Yazoo county, against the defendant in error, to recover the loss sustained in the sale of a tract of land under execution, which was bid off by the defendant, and for tvhich he refused to pay. * The land was resold, and again purchased by the defendant, at a lower price than on the first sale, and. this action is brought for the difference.
The declaration sets forth the execution, the levy on the land, the advertisement and sale to the defendant at the price of $120, and his refusal to pay. Then that in consequence of his failure to pay, the plaintiff, as sheriff, was bound to re-advertise the land ; that he did so ; that it was sold a second-time to defendant for $5, and that the defendant by reason thereof became liable to pay the plaintiff, as sheriff, the sum of $115, the difference between the *559 first and second bid. To this declaration there was a general demurrer, which was sustained by the Court' below, and the cause brought by writ of error to this Court.
We have made this synopsis of the declaration, that the point decided may be plainly made to appear.
The ■plaintiff’ does not show that he has any interest in the matter, or that he has sustained any damage by the act of the defendant. If any one has been injured, it is either the plaintiff1 or the defendant in the execution under which the sale took place. If the plaintiff lost his debt by the misconduct on the part of the bidder, he has the right to sue; if the property of the defendant was sacrificed in consequence of it, he received the injury, and the right of action was in him. The present plaintiff was rendered in no way liable by the act, and sustained no loss, so far as the declaration discloses, and he can therefore maintain no action. The íai&ti’c pav the bid did not of itself render the sheriff liable to execution.
In the case of personal property, where th bid was not paid, it has been holden, that thel/sheriff' from the person who made the bid. Shaw v. Smith, 9 Yerger, 97.
On the salé of land under execution, when to the purchaser a deed, and demanded thé amount** cided that he could recover the amount of the bid in assumpsit. Tate v. Greenlee, 4 Devereux’s Rep. 149.
The present case is unlike either of these. The first sale wras not sought to be enforced, but a resale was resorted to. It does not appear whether the execution was otherwise satisfied, or still remains unpaid.
It is not intended to decide, that upon the state of facts disclosed, there is no liability on the part of the defendant, but only that no right to enforce it is shown by this plaintiff.
The judgment is affirmed.